## GEO. HOERTZ, ETC., *v.* THOS. H. CRAWFORD'S ADM'R.

**Judicial Sales—Satisfaction of Judgment—Funds Available.**

Where it appears that if a judgment creditor is compelled to exhaust the proceeds of G. property in the satisfaction of his debt before receiving any part of the proceeds of T. property, he will lose his entire debt, and if compelled to apportion his claim on the two funds in proportion to their respective amounts he will lose the greater portion of his debt, the equitable rule requiring a creditor whose debt is secured by funds, to resort principally to that fund upon which other creditors have no claim, should not be enforced.

**Judicial Sales—Satisfaction of Judgment—Property Available.**

A chancellor may allow a judgment creditor to satisfy his debt out of certain property, rather than compel him to resort to other property by which the whole or part of the debt will be lost.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 14, 1872.

OPINION SLIGHTLY MODIFIED BY JUDGE LINDSAY:

In the order of June 4, 1869, modifying the judgment entered on the 29th of May, 1869, the apportionment of the proceeds of the property decreed to be sold was held subject to the future orders of the court. We think there is no doubt but that the chancellor had full power to render the judgment of May 6, 1870, which settled finally the rights of the various parties claiming to be interested in the amount for which the property sold.

Crawford's original claim was secured by a mortgage on both the Green Street and Third Street property. Appellant's claims were against the Third Street property alone and were subordinate

to Crawford's lien.   In addition to his mortgage lien Crawford held
an execution lien for nearly six thousand dollars on the Green
Street lot.   The two lots did not sell for enough to pay all the debts;
and it is evident that if Crawford is compelled to exhaust the pro-
ceeds of the Green Street property in the satisfaction of his mort-
gage debt before receiving any part of the moneys arising from the
sale of the lot on Third Street he will lose his entire execution debt.
If compelled to apportion his claim on the two funds in proportion
to their respective amounts, he will lose the greater portion of this
debt.

Under such circumstances it does not seem to this court that the
equitable rule requiring a creditor whose debt is secured by the
funds to resort principally to that fund upon which other creditors
have no claim.   His execution lien on the Green Street lot is of
equal dignity with the liens of appellants on the Third Street prop-
erty.   It is neither unconscientious nor unreasonable for him to
insist that he shall be allowed to retain his legal advantage.   To
enforce the rule insisted on would prejudice Crawford's rights, and
improperly deprive him of remedies secured by his superior vigi-
lance.

Whilst he ought not to be allowed to use his own property so as
to injure others, neither can he be compelled for the benefit of others
to use it so as to injure himself.

We are of opinion that the chancellor properly allowed Craw-
ford's mortgage to be satisfied out of the proceeds of the Third
Street property.

The fact that the work done by the mechanics embraced the value
of the Third Street property can not deprive Crawford of the legal
advantage secured to him by his mortgage.   They knew or might
have known when the work was being done of the existence of his
prior and superior lien.

Judgment *affirmed*.

*Harrison*, for appellants.

*Thompson*, for appellee.